13226

STATE v. BABB

(159 S. E., 633)

*Mr. H. P. Burbage,* for appellant,

*Mr. J. G. Leatherwood, Solicitor,* for the State.

August 11, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

For an agreed statement of the facts and questions in this case we adopt the agreed statement of counsel set forth in the transcript as follows: "At the January, 1930, term of Sessions Court for Greenville County appellant was drawn on the jury to try J. Harmon Moore who was charged with murder. After going into trial and after a great deal of testimony had been submitted, the Court ordered a recess from Friday until Monday following. The Solicitor obtained certain affidavits which alleged that appellant had talked with several parties about two miles from the Court House, during the recess; that the Solicitor called the matter to the attention of the Court on Monday morning, January 20th, at

the opening of Court at which time the Court questioned appellant and the latter made certain answers, all of which was taken down by the Court stenographer and made a part of the record herein. That a few days thereafter, after rule to show cause had been served upon appellant, the Court heard the case, the appellant's return, affidavits and stenographic report of the 20th of January, all being read and submitted to the Court for consideration, by agreement of counsel instead of hearing testimony taken in open Court, after which arguments for the appellant and the State were made. That appellant's counsel took the position that the Court should proceed under either Section 33 or 295 of Civil Code Procedure, 1922; that his Honor, Judge Townsend, announced and ruled that the case would be tried under the common law, and not under any statutory provision. That after deciding that the appellant had committed contempt of Court, his Honor sentenced appellant to serve three months in Greenville County jail."

The following is the order issued by his Honor, Judge Townsend, in imposing sentence against the appellant.

### "JUDGMENT AND SENTENCE OF THE COURT

"I am satisfied from the testimony introduced, these affidavits and the examination of the witness in Court that the defendant-respondent, J. T. Babb, while serving as a juror on the trial of the case against J. Harmon Moore in this Court, charged with murder, and when allowed to separate from the other jurors and go to his home, violated, willfully violated the instructions of the Court to abstain from going where people would discuss the case and to abstain from discussing the case with anyone, went to a place, a public place, a restaurant where people were gathered, and there did undertake to discuss the case and express his opinion on the trial then being had in such a manner as to show contempt for the proceedings of the Court and a disregard for the requirements of justice. If I allowed such contempt to go

unpunished or condoned on account of the ignorance of the juror I would be unfaithful to my duties as a Judge, and it would be an encouragement to other jurors yet to be drawn in the Court to disregard their duty and instructions and, therefore, it becomes my duty, having found the defendant guilty of contempt, to pronounce judgment on him, and it should be such a judgment that will not only cure him of the tendency of such conduct in the future but will be a warning to others who may hereafter be drawn to serve upon the jury; and the judgment of the Court is that you, J. T. Babb, be confined in the county jail of Greenville County for a period of ninety days because of this contempt of Court. Ninety days in the county jail."

From the judgment and sentence of the Circuit Court the defendant has appealed to this Court, presenting several exceptions which will be incorporated in the report of the case.

In passing upon the exceptions we do not consider it necessary to state the questions raised, but deem it sufficient to state that, after careful consideration of the entire record in the case, it is our opinion that the record fully supports the finding, holding, and rulings of the Circuit Judge and the sentence imposed.

The exceptions are therefore overruled, and the judgment of the Circuit Court affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and STABLER concur.